**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JOSEPH A. CRUM,
                                    Plaintiff,

        v.                                                    No. 06-CV-513
                                                                 (GLS/DRH)

DR. DAWN MARINI, Clinical Director;
BRADLEY R. CINK, Physician Assistant;
MILLER, Health Service Administrator; T.R.
CRAIG, Warden, SCOTT DODRILL, Regional
Director; and HENRY J. SADOWSKI,
Regional Counsel,
                                    Defendants.

_____

**APPEARANCES:**                          **OF COUNSEL:**

JOSEPH A. CRUM
Plaintiff Pro Se
No. 31353-037
Federal Correctional Institution-Williamsburg
Post Office Box 340
Salters, South Carolina 29590

HON. GLENN T. SUDDABY               BARBARA D. COTTRELL, ESQ.
United States Attorney for the      Assistant United States Attorney
  Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Room 218
Albany, New York 12207-2924

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER [1]

        Plaintiff pro se Joseph A. Crum ("Crum"), an inmate in the custody of the United

States Bureau of Prisons ("BOP"), brings this action under <u>Bivens v. Six Unknown Named</u>

_____

        [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that defendants, six

BOP employees, violated his constitutional rights under the Fifth[2] and Eighth Amendments.

Compl. (Docket No. 1).  Presently pending is defendants' motion to dismiss pursuant to

Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R.

Civ. P. 56.  Docket No. 18.  Crum opposes the motion.  Docket No. 22.  For the reasons

which follow, it is recommended that defendants' motion be granted.


## I. Background

The facts are related in the light most favorable to Crum as the non-moving party.

See subsection II(A) infra.

At all relevant times, Crum was an inmate in the custody of Ray Brook Federal

Correctional Institution ("Ray Brook").  Crum was housed at Ray Brook from January 16,

2003 through August 5, 2005.  See Ward Decl. (Docket No. 18) at Ex. 1D.  During this time,

Crum suffered "injuries [to his] lower back, shoulder, neck, cervical spine, and head pain . . .

."  Compl. at 4.  Crum contends that defendants were, on numerous occasions, deliberately

indifferent to these injuries.  See Compl.  This action followed.

---

[2] Crum contends that defendants' failure to treat his serious medical conditions constituted a violation of the Fifth Amendment's Due Process Clause.  See Compl. However, a claim that an inmate was denied proper medical care raises no colorable claim of a deprivation of life, liberty, or property as is required for a due process claim.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001).  Accordingly, defendants' motion as to Crum's Due Pricess claim should be granted.

## II. Discussion

Crum asserts three causes of action, each alleging that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  Defendants seek dismissal or, in the alternative, summary judgment on all claims.

## A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Id.; see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).[3]  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

Here, evidence outside the complaint has been submitted and considered. Therefore, defendants' motion will be determined as one for summary judgment rather than dismissal.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).


**B. Medical Care**

_____Crum contends that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

---

[3] Crum has filed two other federal actions since 2006.  See U.S. Party/Case Index (visited Aug. 2, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

4

_____A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need.  Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  More than negligence is required "but less than conduct undertaken for the very purpose of causing harm."  Hathaway, 37 F.3d at 66.  The test is twofold.  First, the prisoner must show that there was a sufficiently serious medical need.  Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).  Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm.  Id.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'"  Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).  An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious.  Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs.  Id. at 702.  Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was

adequate. Id. at 703.  Allegations of negligence or malpractice do not constitute deliberate

indifference unless the malpractice involved culpable recklessness.  Hathaway v. Coughlin,

99 F.3d 550, 553 (2d Cir. 1996).  Here, Crum fails to allege a serious medical need.

Instead, he offers only conclusory allegations that he suffers pain and discomfort in his

shoulder, lower back, neck, and cervical spine and, thus, is "unable to sit, stand lay or pick

up objects over a certain period of time."  See Compl.  These subjective complaints fail to

establish a serious medical need.  See Thomas v. Nassau County Corr. Ctr., 288 F. Supp.

2d 333, 338-39 (E.D.N.Y. 2003) (citing cases).  However, even if Crum's allegations of pain

and discomfort could be considered serious, his Eighth Amendment claim fails to show that

any defendant was deliberately indifferent.

Regarding Crum's contention that defendants denied him medical treatment while

incarcerated at Ray Brook, the medical records clearly demonstrate that he was treated on

numerous occasions for a variety of medical needs.  See Docket No. 18, Ex 2 at 37-61, 81,

127.  As to Crum's contention that defendants denied his "numerous requests" for an MRI,

he fails to allege any specific instances regarding the nature of these requests or the

medical need for an MRI.  Moreover, Crum's medical records clearly demonstrate that

defendants did provide MRI examinations of his cervical spine, brain, and right knee while

incarcerated at Ray Brook.  See id. at 91-95, 122-25.  Thus, in light of defendants'

documentary evidence to the contrary, Crum's conclusory allegations that defendants

denied him medical treatment fail to raise a genuine issue of material fact as to defendants'

deliberate indifference.  See Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996)

("mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment").

Therefore, it is recommended that defendants' motion on this ground be granted.

**C. Qualified Immunity**

Defendants also contend that they are entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230.  Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Crum's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, in the alternative, it is recommended that defendants' motion on this ground be granted.[4]

---

[4]   Defendants also contend that (1) Crum failed to exhaust his available administrative remedies; (2) he failed to demonstrate the personal involvement of defendants Marini, Craig, Dodrill, and Sadowski; and (3) defendant Miller is entitled to absolute immunity.  See Defs. Mem. of Law (Docket No. 18) at 9-21.  However, it is recommended herein that defendants' motion should be granted as to all of Crum's claims on other grounds.  Thus, these arguments need not be addressed.

## III.  Conclusion[5]

_____For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 18) be

**GRANTED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  August 7, 2007
        Albany, New York

_____

United States Magistrate Judge

---

[5] In his complaint, Crum states that on December 20, 2002, he was assaulted while handcuffed in the special housing unit at FCI Fairton, New Jersey.  See Compl.  However, he fails to describe the nature of the assault or identify the perpetrators.  Thus, to the extent that Crum alleges an Eighth Amendment excessive force claim, the claim should be dismissed for failure to state a claim.