**UNITED STATES DISTRICT COURT
NORDITHERN DISTRICT OF NEW YORK**
_____

**JOSEPH A. CRUM,**

                **Plaintiff,**   No. 06-CV-0513
  (GLS/DRH)
                **v.**

**DR. DAWN MARINI,** *Clinical Director*;
**BRADLEY R. CINK,** *Physician Assistant*;
**MILLER,** *Health Service Administrator*;
**T.R. CRAIG,** *Warden*; **SCOTT DODRILL,**
*Regional Director*; **HENRY J. SADOWSKI,**
*Regional Counsel*,

                **Defendants.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JOSEPH A. CRUM
Plaintiff, *Pro Se*
31353-037
FCC Forrest City, Medium
Post Office Box 3000
Forrest City, Arizona 72336

**FOR THE DEFENDANTS:**

HON. GLENN T. SUDDABY          BARBARA D. COTTRELL
United States Attorney for the          Assistant United States Attorney
  Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207-2924

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Joseph Crum brings this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), alleging that defendants violated his constitutional rights under the Fifth and Eighth Amendments when they exhibited deliberate indifference to his serious medical needs. *See Complaint; Dkt. No. 1.* Construing Crum's complaint liberally, Crum also alleges a cause of action under the Federal Tort Claims Act ("FTCA"). Crum's complaint was referred to Magistrate Judge David R. Homer pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Northern District of New York. Upon the motion of the defendants, Judge Homer issued a Report-Recommendation and Order recommending that summary judgment be granted in favor of the defendants as to all claims in the complaint. *See Report-Recommendation and Order; Dkt. No. 23.*[1] Now pending before the court is Crum's timely

---

[1] The Clerk is directed to append Judge Homer's Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 23.*

2

objection to the Report-Recommendation.  *See Dkt. 26.*

Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court agrees that summary judgment in favor of the defendants is appropriate on Crum's *Bivens* claim, though for reasons that differ slightly from those given by Judge Homer.  With respect to Crum's FTCA claim, the court finds that the defendants did not move to dismiss this claim.  Hence, the court holds that dismissal of the FTCA claim is inappropriate at this time.

## II.  Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a Magistrate Judge.  If a party has objected to specific elements of the Magistrate Judge's findings and recommendations, this court reviews those findings and recommendations *de novo.  See Almonte v. N.Y. State Div. of Parole,* No. 9:04-CV-484, 2006 WL 149049, *6-7 (N.D.N.Y. Jan. 18, 2006).  Even in those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a Magistrate Judge under a clearly erroneous standard.  *Id.*

In this case, Crum has specifically objected to nearly all aspects of

Judge Homer's Report-Recommendation.  In particular, Crum objects to Judge Homer's determinations that Crum did not suffer from a serious medical condition, that the defendants did not exhibit deliberate indifference towards Crum's medical needs, and that the defendants were entitled to qualified immunity.[2]  In light of Crum's specific objections, the court has reviewed these determinations *de novo.*  Crum has not objected to Judge Homer's conclusion that Crum's Fifth Amendment Due Process claim should be dismissed; thus, the court has reviewed this determination for clear error.

### III.  Discussion

**A.   Discovery**

Preliminarily, the court must address Crum's contention, raised for the first time in his objections to the Report-Recommendation, that he should have been permitted to take discovery prior to the issuance of

---

[2]Crum has also objected to the Report-Recommendation "to the extent that it purport [sic] to contend that plaintiff failed to exhaust his available administrative remedies." *See Pl.'s Objections to the Report-Recommendation and Order, p. 4; Dkt. 26.*  However, the Report-Recommendation explicitly declined to address the defendants' contention that Crum failed to exhaust his administrative remedies. *See Report-Recommendation, p. 7 n. 4; Dkt. 23.*  The court agrees with Judge Homer that, because Crum's constitutional claims should be dismissed on other grounds, it is unnecessary to reach the issue of exhaustion of remedies. Additionally, the court agrees with Judge Homer that it is unnecessary to address the defendants' arguments that (1) Crum failed to demonstrate the personal involvement of defendants Marini, Craig, Dodrill, and Sadowski, and (2) defendant Miller is entitled to absolute immunity.

4

Judge Homer's Report-Recommendation. The court finds that Crum has waived any purported right to discovery by not raising the issue until this late stage of the proceedings. The Second Circuit has held that "a party's failure to seek discovery under Rule 56(f) *before responding* to a summary judgment motion is 'itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *N.Y.S. Teamsters Conf. Pension and Ret. Fund v. Express Servs., Inc.,* 426 F.3d 640, 648 (2d Cir. 2005) (quoting *Williams v. R.H. Donnelley, Corp.,* 368 F.3d 123, 126 n. 1 (2d Cir. 2004)) (emphasis added).

## B.   FTCA Claim

Construed liberally, Crum's complaint can be read as asserting a claim under the FTCA. *See Complaint, p. 17; Dkt. 1* (seeking damages for "my Tort claim and *Bivens* claim").[3] The defendants have not explicitly moved to dismiss Crum's FTCA claim. Rather, in their moving papers, the defendants note that Crum "has clearly filed this action as a Bivens complaint," and that Crum's "allegations of deliberate indifference are civil rights allegations and do not fall within the realm of the Federal Tort Claims

---

[3]Crum filed his complaint in this action on April 17, 2006, approximately two weeks after being informed that his Administrative Tort Claim had been denied by the Federal Bureau of Prisons. *See Report of Administrative Tort Claim Investigation, attached as Ex. J to the Decl. of Patrick Ward in Supp. of Defs.' Mot. for Summ. J. ("Ward Decl."); Dkt. 18.*

5

Act." *See Mem. of Law in Supp. of Defs.' Mot. for Summ. J., p. 6 n. 5; Dkt. 18.* Although it may be the case that the facts alleged by Crum do not give rise to a claim under the FTCA, the court does not construe this brief mention of the FTCA claim as constituting a motion to dismiss that claim. Thus, to the extent that Judge Homer's Report-Recommendation can be read as recommending dismissal of Crum's FTCA claim, the court rejects this recommendation. Accordingly, the FTCA claim survives. Should the defendants wish to move to dismiss this claim, they must direct their motion to Judge Homer within thirty days of the date of this order.

## C. <u>Due Process Claim</u>

Judge Homer properly concluded that any claim based on an alleged violation of the Fifth Amendment's Due Process Clause should be dismissed. The court has found no case indicating that a denial of proper medical care to a convicted inmate raises a colorable Due Process claim. Rather, the cases indicate that the Due Process Clause protects the rights of pretrial detainees, while the Eighth Amendment protects the rights of convicted inmates. *See, e.g., Weyant v. Okst,* 101 F.3d 845, 856 (2d Cir. 1996). Accordingly, the court adopts Judge Homer's Report-Recommendation to the extent that it recommends dismissal of Crum's

6

Due Process claim.

## D. Eighth Amendment Claim

Crum objects to Judge Homer's Report-Recommendation insofar as it concludes that Crum's injuries did not amount to a serious medical need, and that, even if the injuries were serious, the defendants did not exhibit deliberate indifference to Crum's medical needs.  The court concludes that it would be premature to hold, at the summary judgment stage, that the injuries complained of by Crum were not serious.  However, the court agrees with Judge Homer that Crum's conclusory allegations regarding the denial of appropriate medical treatment fail to raise a genuine issue of material fact as to defendants' deliberate indifference.

*1.    The Existence of a Serious Medical Need*

The Second Circuit has held that "[i]n order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir. 1998) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)).  Although there is no simple test for determining what constitutes a "serious" medical need, "[t]he standard for Eighth Amendment violations contemplates 'a condition of urgency' that may result in

7

'degeneration' or 'extreme pain.'" *Chance,* 143 F.3d at 702 (citing *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir. 1994)). In making the determination as to seriousness, courts have considered the following factors: "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (citations omitted).

In this case, Crum has alleged that the injuries to his lower back, shoulder, cervical spine, neck, and head caused pain that was "excruciating" and "agonizing," and inhibited him, at times, in the performance of daily activities such as sitting, standing, lying down, and picking up objects. *See Complaint, p. 6, 7, 10; Dkt. 1.* Judge Homer found these "conclusory allegations" and "subjective complaints" to be insufficient to establish a serious medical need. *See Report-Recommendation, p. 6; Dkt. 23.* The court cannot agree.

There are undoubtedly injuries of such a trivial nature that complaints of excruciating pain emanating therefrom are simply not credible, and it is well settled that an inmate complaining of an Eighth Amendment violation must demonstrate that his medical condition is objectively a serious one.

8

*See Brock v. Wright,* 315 F.3d 158, 162 (2d Cir. 2003). However, where there is some evidence that the severe pain the inmate complains of may be real, it is not appropriate to dismiss such complaints on the grounds that they are "subjective." Here, there is ample evidence from which a trier of fact could conclude that Crum's allegations of excruciating and debilitating pain were true. For instance, Crum's medical records reveal that as of the date of his transfer out of FCI Raybrook, on or about August 5, 2005, Crum was taking the prescription drug Naproxen to treat "degenerative cervical spondylosis." *See Crum's Medical Records ("Medical Records"), p. 35-36, attached as Ex. 2 to Defs.' Mot. for Summ. J.; Dkt. 18.* Additionally, an MRI of Crum's cervical spine conducted on May 24, 2005, indicated that, among other problems, "[e]xtensive disc degeneration is apparent." *Id.* at 95. This evidence, combined with the allegations in Crum's complaint, could be construed to suggest both that Crum suffered from "chronic and substantial pain," and that a reasonable doctor found his injury "worthy of comment or treatment." *Chance,* 143 F.3d at 702. Although a trier of fact might well conclude that Crum's injury was not "serious," the court cannot conclude as a matter of law that it was not.

    *2.    Deliberate Indifference*

9

To establish "deliberate indifference," a prisoner must show that a particular defendant "knows of and disregards an excessive risk to inmate health or safety." *Brock,* 315 F.3d at 164 (citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). The prisoner must prove that the defendant had "actual knowledge" of the risk; however, "evidence that the risk was obvious or otherwise must have been known to a defendant is sufficient to permit a jury to conclude that the defendant was actually aware of it." *Id.*

Crum's allegations of "deliberate indifference" are almost wholly conclusory in nature, making it difficult to determine the precise nature of the behavior of which he complains. A generous reading of the complaint suggests that Crum believes that the defendants exhibited deliberate indifference to his medical needs when: (1) defendants Marini, Cink, and Miller denied Crum's "numerous requests" for an MRI;[4] (2) defendants Miller and Cink denied Crum's requests to see a doctor; and (3) defendant Cink injected steroids into Crum's shoulder "causing severe pain and suffering." Judge Homer correctly concluded that these allegations fail to raise a genuine issue of material fact as to defendants' deliberate

---

[4] The supposed denial of his requests for an MRI appears to be Crum's chief complaint. He specifically requested an MRI at all three levels of the administrative review process. *See Exs. G, H, and I to the Ward Decl.; Dkt. 18.*

10

indifference.

First, the evidence flatly contradicts Crum's contention that the defendants denied his "numerous requests" for an MRI. In fact, Crum received an MRI of the brain and an MRI of the cervical spine on May 24, 2005, and an MRI of the head on July 8, 2005. *See Medical Records, p. 92-95; Dkt. 18.* Additionally, Crum received an x-ray of his right shoulder on September 29, 2003, and an x-ray of the cervical spine on March 22, 2005. *Id.* at 40-41. Moreover, to the extent that Crum alleges that he should have received additional MRIs, such an allegation fails to state an actionable claim of deliberate indifference. Indeed, in *Estelle v. Gamble,* the seminal case regarding Eighth Amendment violations arising out of prison officials' deliberate indifference to serious medical needs, the Supreme Court noted that "the question whether an x-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." 429 U.S. 97, 107 (1976). In short, "[a] medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." *Id.*

Second, even if it is true, as Crum alleges, that he was only provided care by defendants Miller (the Health Services Administrator) and Cink (a

11

physician's assistant), this does not constitute deliberate indifference to Crum's serious medical needs. Crum's medical records indicate that he was evaluated by various medical personnel on numerous occasions during his time at FCI Raybrook; that he was prescribed medication for his pain; that he was given x-rays and MRIs; and that defendant Dr. Marini periodically reviewed his medical records. There is no evidence, beyond Crum's conclusory allegations, that Crum's medical needs were ignored. That Crum may have preferred a system under which he had full and unfettered access to Dr. Marini, as opposed to a system under which the first line of contact was with Miller or Cink, is not enough to establish deliberate indifference. As the Second Circuit has explained, "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance,* 143 F.3d at 703.

The same rationale applies to Crum's contention that the steroid injection given to him by defendant Cink constituted deliberate indifference to his medical needs. Indeed, the fact that Cink attempted to alleviate his shoulder pain tends to contradict any suggestion that Cink was indifferent to Crum's medical needs. That the treatment did not have the desired

effect is not evidence of deliberate indifference.

Finally, even assuming that the medical care and treatment provided to Crum was in some manner deficient, Crum has presented no evidence, beyond conclusory allegations, that the defendants acted with the requisite state of mind to state a claim for deliberate indifference. Deliberate indifference is "a mental state equivalent to subjective recklessness," and requires that the defendant "act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Here, the medical personnel tending to Crum did not withhold treatment in the face of a substantial risk that harm would result. To the contrary, Crum's medical records indicate that Dr. Marini ordered an MRI of Crum's cervical spine in spite of her doubts as to its necessity. *See Medical Records, p. 40* (noting that "all xrays have shown degenerative joint disease which is associated with old injuries, with no acute findings," but going on to say "however, will order a MRI of cervical spine and MRI brain as a routine consult to be done when the imaging vehicle returns to FCI Raybrook.") (emphasis in original).

Thus, in summary, the court is in agreement with Judge Homer that the defendants did not act with deliberate indifference to Crum's serious

13

medical needs. Accordingly, the court adopts Judge Homer's Report-Recommendation to the extent that it holds that defendants did not act with deliberate indifference, and rejects it to the extent that it holds that Crum's injuries did not constitute a serious medical need.

### E.   Qualified Immunity

Crum objects to Judge Homer's conclusion that the defendants are entitled to qualified immunity. Upon *de novo* review, the court finds that Judge Homer correctly determined that the defendants are entitled to qualified immunity. The affirmative defense of qualified immunity shields prison officials from liability "for their discretionary acts that do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hathaway v. Coughlin,* 37 F.3d 63, 67 (2d Cir. 1994) (citations and quotations omitted). As discussed above, the defendants have not violated Crum's constitutional rights. Accordingly, the court adopts Judge Homer's Report-Recommendation to the extent that it holds that the defendants are entitled to qualified immunity with respect to Crum's Eighth Amendment claims.

### IV.  Conclusion

Having considered Crum's objections and reviewed Judge Homer's findings of fact and conclusions of law, the court rejects Judge Homer's Report-Recommendation to the extent that it holds that Crum's injuries were not a serious medical need for purposes of the Eighth Amendment, and rejects the Report-Recommendation to the extent that it dismisses Crum's FTCA claim. The court adopts Judge Homer's Report-Recommendation in all other respects.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Judge Homer's August 7, 2007 Report-Recommendation and Order (*Dkt. No. 23*) is accepted and adopted in part, and rejected in part, and Crum's Fifth and Eighth Amendment claims are dismissed; and it is further

**ORDERED** that should the defendants wish to move to dismiss Crum's FTCA claim, they must direct their motion to Judge Homer within thirty (30) days of the date of this Order; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

October 22, 2007

Albany, New York

_____<br>
Gary L. Sharpe<br>
U.S. District Judge