**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH A. CRUM,**

                **Plaintiff,**     **No. 06-cv-513
(GLS/DHR)**

              **v.**

**DR. DAWN MARINI, Clinical Director;
BRADLEY R. CINK, Physician Assistant;
MILLER, Health Service Administrator;
T.R. CRAIG, Warden; SCOTT DODRILL,
Regional Director; HENRY J. SADOWSKI,
Regional Counsel; and UNITED STATES,**

              **Defendants.**
_____

**APPEARANCES:**

JOSEPH A. CRUM
31353-037
*Pro Se*
Federal Correctional Center
Forest City - Medium
P.O. Box 3000
Forest City, Arkansas 72336

HON. ANDREW T. BAXTER                BARBARA D. COTTRELL
Acting United States Attorney for the    Assistant United States Attorney
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Room 218
Albany, New York 12207-2924

**Gary L. Sharpe**
**U.S. District Judge**

# DECISION AND ORDER

The above-captioned matter comes to this court following a Report and Recommendation ("R&R") filed August 27, 2008 (Dkt. No. 30) by Magistrate Judge David R. Homer.[1] The R&R recommends that this court grant defendants' motion to dismiss or, in the alternative, for summary judgment on pro se plaintiff Joseph Crum's ("Crum") claims against defendants under the Federal Torts Claims Act ("FTCA"). Pending are Crum's objections to the R&R. (Dkt. No. 33).

As this court has previously observed, the court reviews a Magistrate Judge's R&R before entering final judgment. *See Anderson v. Banks*, No. 06-cv-0625, 2008 WL 3285917, at *1 (N.D.N.Y. Aug. 7, 2008). When a party objects to specific elements of the Magistrate Judge's findings and recommendations, the court conducts a de novo review of those findings and recommendations. *See Id.* However, where a party has filed no objection, or only a vague or general objection, the court reviews the findings and recommendations for clear error. *See Id.*

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

Crum's objections clearly indicate he disagrees with the Magistrate Judge's R&R.  However, none of his objections would overturn the Magistrate Judge's determination that defendants' motion to dismiss or, in the alternative, for summary judgment should be granted.

Crum, who is no stranger to the federal courts, objects, arguing "the [U]nited [S]tates perpetuated and exerbated [sic] [his] physical pain and suffering, when [defendants] prolonged, and delayed treatment of [his] injuries . . .[he] was never examined by defendant Marini during the entire time of 31 months while at FCI Raybrook . . ."  However, as the R&R notes, he was evaluated by medical staff several times at the Ray Brook facility.  The fact that Crum requested to be examined by Dr. Marini, but, instead, was examined by other medical staff, does not raise a violation of his rights.  As the Second Circuit has stated, "[t]he prisoner's right is to medical care- not the type or scope of medical care which he personally desires." *U.S. ex rel. Hyde v. McGinnis,* 429 F.2d 864, 867-68 (2d Cir. 1970) (citations omitted).

Crum also raises objections claiming he did not receive medical attention promptly.  In one instance, he states he had "a serious medical need that the defendant Marini delayed for 2 years, nor did she

3

recommend a Neurosurgeon for further evaluation." However, this objection from Crum, who is not a physician, reflects a mere disagreement with the course of his medical treatment. The Second Circuit is clear that "[a] difference of opinion between a physician and a patient does not give rise to a constitutional right . . ." *Id.* Crum's opinion as to how his medical treatment should have proceeded is not enough to establish any type of breach of duty on the part of the defendants.

Crum also objects to the R&R stating, among other things, that the R&R inaccurately stated certain facts. However, assuming arguendo that this is the case, Crum does not articulate how this overturns the Magistrate Judge's legal determinations.

Upon de novo review of the instant matter, the court determines that the Magistrate Judge's findings are supported by the record and the law. Accordingly, the court approves and adopts the R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Homer's August 27, 2008 R&R is adopted in its entirety and the objections thereto are overruled; and it is further

**ORDERED** that defendants' motion to dismiss or, in the alternative,

4

for summary judgment (Dkt. No. 28) is **GRANTED** in all respects; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: January 26, 2009

*Gary L. Sharpe*
United States District Court Judge